UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

– against –

EMMANUEL ROSADO FIGUEROA,

                Defendant.

**OPINION & ORDER**

22 Mag. 4490 (ER)

Ramos, D.J.:

      Emmanuel Rosado Figueroa was charged on May 20, 2022, with one count of conspiracy to distribute in narcotics in violation of 21 U.S.C. § 846. The complaint against him was dismissed on June 6, 2022 at the request of the government. Doc. 12. Pending before the Court is Rosado's motion for the return of two cellphones seized from him upon his arrest, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure ("FRCP"). Doc. 18. Rosado requests, in the alternative, that this Court hold an evidentiary hearing to determine whether the property was seized legally and whether the government has an ongoing need to keep the property as evidence. Doc. 26 at 4.

      For the following reasons, Rosado's motion is DENIED without prejudice to renew at a later date, and his request for an evidentiary hearing is DENIED.

## I.   BACKGROUND

### A. Factual Background

      The following facts are based on the allegations in the criminal complaint and the parties' submissions. *See* Docs. 1, 18, 21, 26.

      On May 19, 2022, Drug Enforcement Administration ("DEA") agents arrested Victor Molina Rodriguez, Stalym Plaza, and Rosado after observing Molina Rodriguez deliver a bag containing approximately 5 kilograms of cocaine to Plaza who was sitting in his car. Doc. 1 ¶¶ 5.j–p. During the exchange, Rosado was seated in the backseat of

Plaza's car.  *Id.*  After the arrests, Rosado agreed to speak with law enforcement and consented to a search of his two cellphones.  *Id.* ¶ 5.q.  During the interview, Rosado denied knowing Molina Rodriguez.  *Id.*  However, an initial review of Rosado's phones revealed that he had Molina Rodriguez's phone number saved under the name "Victor."  *Id.*  Similarly, Molina Rodriguez had Rosado's number saved on his phone.  *Id.*  Rosado and Molina Rodriguez had also exchanged calls with Plaza, thus establishing a connection between the three.  *Id.*  The DEA did not return the phones to Rosado.

### B. Procedural History

On May 20, 2022, Rosado, Molina Rodriguez, and Plaza were charged by federal complaint with conspiring to traffic narcotics, in violation of 21 U.S.C. § 846.  Doc. 21 at 1.  That day, Rosado was presented before Magistrate Judge Parker, and moved for dismissal of the complaint on the grounds that it did not charge him with a crime.  Doc. 26 at 1.  Judge Parker ultimately released him on his own recognizance and scheduled a preliminary hearing for June 10, 2022.  *Id.*  On June 6, 2022, the government moved to dismiss the complaint against Rosado, obviating the need for the preliminary hearing.  *Id.*  There are currently no pending charges against Rosado, but the charges against Molina Rodriguez and Plaza are still pending.  Doc. 21 at 1.

On June 10, 2022, defense counsel received the property seized from Rosado at the time of his arrest from the DEA, but the government did not return Rosado's two phones.  Doc. 26 at 1.  Counsel immediately asked the government to return the phones, but it declined on the basis that the phones contain evidence of drug trafficking offenses and are themselves instrumentalities to those offenses.  Doc. 21 at 1.  Rosado withdrew his prior consent to search his two phones at that time.  *Id.*

On June 14, 2022, Rosado filed a letter motion before Judge Parker pursuant to FRCP 41(g), seeking the return of his phones.  Doc. 16.  The next day, June 15, 2022, the government filed a letter stating that Rosado's motion had to be filed before a District

Judge pursuant to 28 U.S.C. § 636.  Doc. 17.  On June 17, 2022, Rosado re-filed the same motion before this Court.  Doc. 18.

On June 21, 2022, the government applied for a search warrant for the two phones before Magistrate Judge Gorenstein, Doc. 21 at 1, which Judge Gorenstein granted.  *Id.*

## II.     MOTION FOR THE RETURN OF SEIZED PROPERTY

### A.  Legal Standard

Rule 41(g) provides that "[a] person aggrieved . . . by the deprivation of property may move for the property's return. . . . The court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g).  "Rule [41(g)] recognizes that the federal courts have equitable jurisdiction to order the return of property." *Bertin v. United States*, 478 F.3d 489, 492 (2d Cir. 2007).  A Rule 41(g) motion brought after the criminal proceedings have ended is treated as a civil equitable action.  *Diaz v. United States*, 517 F.3d 608, 610 (2d Cir. 2008); *see also United States v. Corley*, No. 13 Cr. 48 (AJN), 2020 WL 4676650, at *13 (S.D.N.Y. Aug. 11, 2020) (citing *Lavin v. United States*, 299 F.3d 123, 127 (2d Cir. 2002)).  However, "[a]n order requiring the return of property under Rule 41(g) 'is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction.'" *United States v. Alvarez-Estevez*, 671 F. App'x 834, 835 (2d Cir. 2016) (quoting *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006)).

"[T]o prevail on a Rule 41(g) motion, the moving party must demonstrate that: '(1) [the party] is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended.'" *Corley*, 2020 WL 4676650, at *13 (quoting *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 311 (S.D.N.Y. 2018), *reconsideration denied*, 2019 WL 1460216 (S.D.N.Y. Jan. 10, 2019)).  Yet, after the conclusion of a criminal proceeding, "the evidentiary burden for a Rule 41(g) motion shifts to the Government because there is a presumption that the person from whom the property was

3

allegedly taken has a right to its return." *Id.* at *14 (citing *Santos v. United States*, No. 04 Civ. 9716 (JFK), 2005 WL 637427, at *1 (S.D.N.Y. Mar. 17, 2005)). The government may rebut the presumption "by proving it has a legitimate reason for retaining the property[.]" *Id.* (citing *Santos*, 2005 WL 637427, at *1). Therefore, a Rule 41(g) motion "may be denied if 'the government's need for the property as evidence continues.'" *United States v. Estime*, No. 19 Cr. 711 (NSR), 2020 WL 6075554, at *16 (S.D.N.Y. Oct. 14, 2020) (quoting *Podlog v. United States*, No. S2 92 Cr. 374 (JFK), 1996 WL 403029, at *1 (S.D.N.Y. July 18, 1996), *aff'd*, 108 F.3d 1370 (2d Cir. 1997)); *see also* Fed. R. Crim. P. 41(g), 1989 Advisory Committee's Notes ("If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable.").

### B. Analysis

Rosado moves for the return of his two cellphones, which were seized and searched with his consent after he was arrested on May 19, 2022.[1] He argues that the initial seizure of his phones was unlawful because the arrest was unlawful, and that the ongoing deprivation of his property is unlawful and without probable cause. He also states that there are no pending charges against him and that the government has failed to meet its evidentiary burden of proving it has a legitimate reason for the continued deprivation of his property.

The government responds that Rosado's initial arrest was legal, the seizure of his two phones was legal, and the phones contain, and are themselves, evidence in an ongoing criminal investigation. Specifically, the government argues that the phones "contain evidence of drug trafficking offenses," "are themselves instrumentalities of the offenses," and that this evidence may be used against Rosado's charged co-defendants—Molina Rodriguez and Plaza—at trial. Doc. 21 at 1. The government also contends that

---

[1] On June 10, 2022, Rosado withdrew his consent to search his phones. Doc. 21 at 1.

4

the dismissal of the complaint against Rosado has no effect on the evidentiary value of the phones.

The Court finds that the government has met its evidentiary burden of proving it has a legitimate reason for retaining Rosado's property.  First, the government has represented that it still requires the seized phones, not only because they contain evidence of drug trafficking offenses, but also because they are instrumentalities to those offenses.  For example, in the complaint, the government states that, during his post-arrest interview, Rosado denied knowing Molina Rodriguez, however, an initial review of their respective phones showed that each had the other person's number saved in their phones, and that the two of them had communicated prior to the drug deal observed by the DEA.  Doc. 1 ¶ 5.q.

Additionally, although Rosado contends that "a defendant's mere presence at the scene of a crime . . . or his simple association with others engaged in a crime are not, in themselves, sufficient to prove the defendant's criminal liability for conspiracy," this does not negate that the phones, and their contents, may still hold evidentiary value to the government for prosecuting Rosado's co-defendants or Rosado himself in the future.  Doc. 26 at 3 (citing *United States v. Anderson*, 747 F.3d 51, 61 (2d Cir. 2014)) (emphasis omitted).  Because the government has established "a need for the property in an investigation or prosecution," in part by obtaining a valid warrant for the search and seizure of the phones, "its retention of the property [] is reasonable." *Estime*, 2020 WL 6075554, at *16 (quoting Fed. R. Crim. P. 41(g), 1989 Advisory Committee's Notes).

Finally, the government points out that on June 21, 2022, Judge Gorenstein authorized a warrant to search Rosado's phones.[2]  In other words, a judicial determination has already been made that there is probable cause to believe the phones

---

[2] The warrant was issued after Rosado filed the instant Rule 41(g) motion on June 17, 2022.  Doc. 21 at 1.  The warrant application made Judge Gorenstein aware that the two phones were the subject of this Rule 41(g) motion.

contain relevant information, or are relevant themselves, to an investigation or prosecution. *See United States v. Galpin*, 720 F.3d 436, 445 (2d Cir. 2013) (citing *Kentucky v. King*, 563 U.S. 452, 459 (2011)) ("[A] warrant may not be issued unless probable cause is properly established and the scope of the authorized search is set out with particularity."); *see also Walczyk v. Rio*, 496 F.3d 139, 155–56 (2d Cir. 2007) ("Ordinarily, an arrest or search pursuant to a warrant issued by a neutral magistrate is presumed reasonable because such warrants may issue only upon a showing of probable cause.") (citation omitted). The Court therefore finds that the government has met its evidentiary burden of proving it has a legitimate reason for retaining Rosado's property.

In any event, the government has only possessed Rosado's phones since May 19, 2022, hardly an unreasonable amount of time. This Court and others in this Circuit have denied Rule 41(g) motions when the retention has been significantly longer. *See, e.g.*, *Pinto-Thomaz*, 352 F. Supp. 3d at 313 (denying defendant's Rule 41(g) motion for the return of his iPhone when the seizure took place five months earlier); *United States v. Metter*, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012) ("Numerous cases hold that a delay of several months between the seizure of electronic evidence and the *completion* of the government's review . . . is reasonable") (emphasis in original and citation omitted).

Nevertheless, Rule 41(g) "recognizes that reasonable accommodations might protect both the law enforcement interests of the United States and the property rights of property owners and holders. In many instances documents and records that are relevant to ongoing or contemplated investigations and prosecutions may be returned to their owner as long as the government preserves a copy for future use." *Estime*, 2020 WL 6075554, at *16 (quoting Fed. R. Crim. P. 41(g), 1989 Advisory Committee's Notes) (emphasis omitted). Therefore, Rosado may renew this motion for return of his property at a later date or insist that the government copy the electronically stored information contained in the two phones.

In the alternative, Rosado requests that this Court hold an evidentiary hearing to determine whether the phones were seized legally and whether the government has an ongoing need to keep the property as evidence. Rosado supports his assertion that an evidentiary hearing is required by citing to *United States v. King*, No. 21 Cr. 255 (NSR), 2022 WL 875383, at *5 (S.D.N.Y. Mar. 24, 2022). However, that case did not establish that a hearing is required to adjudicate a Rule 41(g) motion.

To the contrary, in *Podlog v. United States*, the Second Circuit found that the "district court must take evidence and make findings of fact where necessary to decide the [Rule 41(g)] motion . . . but must hold an evidentiary hearing only if any disputed material facts are necessary to the decision of the motion." 108 F.3d at 1370 (internal quotation marks and citations omitted); *see also United States v. Holmes*, No. 09 Cr. 126 (JGK), 2013 WL 237187, at *1 (S.D.N.Y. Jan. 23, 2013); *United States v. Cardona-Sandoval*, 518 F.3d 13, 16 (1st Cir. 2008); *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007). The Court finds that the government has already met its evidentiary burden of proving it has a legitimate reason for retaining Rosado's property and that there are no remaining disputed material facts in need of an evidentiary hearing to decide this motion. A hearing is therefore unnecessary and Rosado's request is denied.

## III.    CONCLUSION

For the foregoing reasons, Rosado's motion for the return of property seized from him is DENIED without prejudice, and his request for an evidentiary hearing is also DENIED. The Clerk of the Court is respectfully directed to terminate the motion, Docs. 18 and 26.

It is SO ORDERED.

Dated:  July 21, 2022
        New York, New York

_____
Edgardo Ramos, U.S.D.J.

8